12312

DURANT *ET AL.* v. LUBS *ET AL.*

(140 S. E., 249)

BROKERS—INSTRUCTIONS IN EFFECT DENYING RECOVERY OF COMMISSION FOR FAILURE OF BROKERS TO GIVE NOTICE THAT THEY HAD INTERESTED PARTICULAR PURCHASER HELD REVERSIBLE ERROR.—In real estate brokers' petition for commissions on sale of property by owner to a purchaser originally interested by brokers, where it did

not appear that defendant owner inquired of plaintiffs who proposed purchaser was, instructions to the effect that plaintiffs had forfeited their right to claim a commission by their failure to give owner notice that they had interested purchaser in property *held* reversible error.

Before BONHAM, J., Charleston, April, 1926. New trial granted.

Action by E. W. Du Rant and another against H. D. Lubs, individually and as trustee for W. K. McDowell, and others. Judgment for defendants, and plaintiffs appeal.

The following are appellant's exceptions 1, 2, and 3:

I. His Honor erred in charging the jury that a broker must notify his principal when he has found a customer, and of the offer made by customer; otherwise, he is not ordinarily entitled to a commission—the error being that it is not always necessary for a broker to notify his principal of such facts in order to entitle him to commission.

II. That his Honor erred in charging the jury that "in such a case it is clearly his [the broker's] duty to disclose to his principal the fact that he has found a suitable purchaser"—the error being that this charge was not applicable to the facts of this case, and that in this case there was no duty on the part of the brokers to disclose the name of their purchaser in order to recover their earned commission.

III. That his Honor erred in charging the jury that a broker is bound to disclose to the principal all facts within his knowledge which are or may be material to the matter in which he is employed, or which might influence the principal in his action, and, if he has failed to come up to this standard of duty, he cannot recover"—the error being that he should have charged the jury that in such a case he could recover his commissions, unless his conduct misled his principal to his injury or caused him loss or damage.

*Mr. H. L. Erckmann,* for appellants, cites: *Not necessary for broker at all times to disclose name of purchaser to avoid forfeiture of earned commissions:* 23 A. & E. Enc.

L., 913; 9 C. J., 615, 621; 146 Ia., 333; 116 Ia., 345; 177 Ala., 652; 78 N. J. L., 541; 55 N. Y., 323; 51 N. Y., 132; 53 L. R. A., 241; 145 Ill., 92; 8 Cent. Dig., 1290; 34 Ill. App., 17; 31 Mo. App., 563; 51 N. Y., 124; 23 Neb., 357; 130 S. E., 225. *As to procuring cause:* 132 S. E., 870. *When broker entitled to commissions under South Carolina cases:* 86 S. C., 77; 129 S. C., 407; 80 S. C., 341; 94 S. C., 406; 119 S. C., 259. *Whether failure of broker to disclose material facts causes injury to vendor is question for jury:* 123 S. C., 331.

*Mr. Geo. F. Von Kolnitz,* for respondents, cites: *Broker bound to disclose all material facts:* 123 S. C., 333. *Plaintiff cannot impute error to Court when jury found facts against his contentions:* 87 S. C., 116; 80 S. C., 346; 114 S. C., 410. *Distinction between employment of one to find purchaser for lands of another and employment of one to complete and close sale for the lands:* 138 S. E., 42. *Duty owed by broker to his principal:* 86 S. C., 168; 4 Enc. L., 966; 19 Cyc., 207; 9 C. J., 621; 59 So., 286; 58 N. E., 177; 53 L. R. A., 244; 130 S. E., 228–299; 106 S. E., 346; 9 C. J., 566; 31 App. (D. C.), 362; 137 Pac., 969; 114 S. C., 171.

November 9, 1927.

The opinion of the Court was delivered by Mr. Chief Justice Watts.

This is a suit at law for $8,000.00 commissions alleged to be due by defendant Lubs, as trustee, et al., on sale of property of Folly Roadway Company. The plaintiffs set forth a written contract or letter, and alleged that as agents for defendants they found a purchaser, to wit, Citizens' & Southern Company, who bought under its terms. The defendants admit the letter and deny agency at time of sale. They allege that plaintiffs did not notify them, prior to the option given, the name of the purchaser, or that they had found same. They also allege estoppel.

The case was tried before a jury on the 27th and 28th of April, 1926, and resulted in a verdict for defendants. It is admitted that defendants executed to Citizens' & Southern Company an option to purchase the property for $80,000.00, dated August 28, 1925; that the actual sale at said price was consummated by defendants with Citizens' & Southern Company November 27, 1925; and that plaintiffs did not, prior to the execution of the option by Lubs to Citizens' & Southern Company, dated 28th day of August, 1925, notify defendants that they had interested said particular company in said sale.

The main question on appeal in this case is whether or not the plaintiffs forfeited their right to claim a commission by their failure to give such notice. The presiding Judge charged that it was the duty of plaintiffs to have so done, and, if they did not disclose the name of their customer to defendants, they could not recover. From the portions of the charge of the presiding Judge embodying this proposition of law, plaintiffs base their appeal to this Court from the judgment on said verdict.

Exceptions 1, 2, and 3 must be sustained; his Honor's charge was highly prejudicial to the defendant, on a point that was vital to the plaintiffs, and practically lost their case before the jury. Lubs did not ask them who the proposed purchaser was, as he had a right to do; in the absence of such inquiry, it is not necessary to disclose the name of purchaser. When Lubs gave the option to Rivers, in August, 1925, the name of the purchaser was disclosed to him; a purchaser was found who complied. Lubs was not hurt by the plaintiffs' failure to disclose the name of the proposed purchaser, who wanted to comply, because he got $5,000.00 more for the property than he agreed to sell the same for. Inasmuch as there must be a new trial, the other exceptions are not considered.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.